UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON


CIVIL ACTION NO. 10-40-GWU


VIRGINIA PHILPOT,                                                           PLAINTIFF,


VS.                          **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                          DEFENDANT.


## INTRODUCTION

Virginia Philpot brought this action to obtain judicial review of an unfavorable

administrative decision on her applications for Disability Insurance Benefits and for

Supplemental Security Income. The case is before the court on cross-motions for

summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation

process in assessing whether a claimant is disabled.

1.    Is the claimant currently engaged in substantial gainful activity?
      If so, the claimant is not disabled and the claim is denied.

2.    If the claimant is not currently engaged in substantial gainful
      activity, does he have any "severe" impairment or combination
      of impairments--i.e., any impairments significantly limiting his
      physical or mental ability to do basic work activities? If not, a
      finding of non-disability is made and the claim is denied.

1

3.      The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments).  If so, disability is conclusively presumed and benefits are awarded.

4.      At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

5.      If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

2

One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance

on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Philpot suffered from "severe" impairments related to scoliosis (status post surgical rod placement) with chronic low back pain and cervicalgia.  (Tr. 10).  Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 13).  Since the claimant would be able to return to her past relevant work as an office clerk, she could not be considered totally disabled.  (Tr. 14).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

In determining that Philpot could return to her past work as an office clerk, the ALJ relied heavily upon the testimony of Vocational Expert William Ellis.  The hypothetical question presented by the ALJ included an exertional limitation to light level work, restricted from a full range by such non-exertional limitations as (1) the need for a sit/stand option in 30-minute intervals; (2) an inability to more than occasionally climb, squat, bend or crawl; (3) an inability to more than frequently

reach above shoulder level; and (4) a need to avoid working around moving machinery.  (Tr. 33).  In response, Ellis testified that the jobs of office clerk as well as the job of information clerk, which she was currently performing on a part-time basis, could still be performed.  (Id.).  The ALJ relied upon this testimony to support the administrative decision.

Dr. Sudhideb Mukherjee, a non-examining medical reviewer, opined in January of 2008 that Philpot did not suffer from a "severe" impairment.  (Tr. 195).  The ALJ's findings were consistent with this opinion.

Dr. Arden Acob, an examining physician, indicated that Philpot could perform light level work, restricted from a full range by an inability to sit for more than a total of three hours a day, walk for more than a total of two hours a day, stand for more than a total of two hours a day, an inability to more than occasionally bend, squat, crawl, or climb, an inability to more than frequently reach above shoulder level and a need to avoid all exposure to moving machinery.  (Tr. 246).  The ALJ's residual functional capacity assessment included all of these restrictions with the exception of the limitations concerning the total amount of standing, walking and sitting which the ALJ rejected because it was not well-supported in the record.  (Tr. 14).

The ALJ did ask the vocational expert about the effect of an inability to sit for more than three hours a day, stand for more than two hours a day and walk for more than two hours a day at the administrative hearing.  (Tr. 33).  Ellis reported

that no jobs could be performed with such additional restrictions.  (Tr. 34).   Philpot asserts the ALJ erred in rejecting this portion of Dr. Acob's opinion and this evidence supports her claim of total disability.   However, the court notes that the plaintiff's own testimony concerning her activities appears to contradict the physician's restrictions.  She testified that she worked part-time twenty hours a week performing background checks for the Federal Bureau of Investigation.  (Tr. 24). Although she took breaks to stand, this job was performed with the claimant primarily seated in front of a computer.  (Id.).  She also testified that she was attending classes which would again require her to be primarily seated.  (Tr. 23). Even with periodic breaks, Philpot appears to be sitting far more than the three hours a day allowed by Dr. Acob.   Furthermore, the doctor did not cite what objective medical evidence supported such severe limitations. (Tr. 195). Treatment records from the physician repeatedly record normal muscle strength, bulk and tone in the upper and lower extremities, normal sensation, negative Romberg, a normal gait and station and normal reflexes in the upper and lower extremities.  (Tr. 142, 144, 146, 148, 150, 152-153, 156, 158, 160, 162, 164, 168, 182, 184, 186, 190, 194, 205, 207, 209, 213, 251, 253, 255, 257, 259).  EMG/NCV studies in 2005 were normal.   (Tr. 143). These factors were all considered by the ALJ.  (Tr. 10-14). Therefore, the ALJ cited sufficient good reasons to reject Dr. Acob's opinion as

required under <u>Wilson v. Secretary of Social Security</u>, 378 F.3d 541, 544 (6th Cir. 2004).

Philpot argues that the ALJ erred by failing to fully credit her testimony. However, as previously noted by the undersigned, the plaintiff's testimony undermined her claim of total disability by indicating she was capable of greater sitting than indicated by her treating physician.  The modest physical examination findings previously cited also do not support her disability claim.  The ALJ cited the plaintiff's reliance upon prescription medication which she repeatedly indicated enabled her to tolerate her pain.  (Tr. 13, 141, 143, 145, 157, 161, 181, 183, 185, 187, 254, 258).  Therefore, the court finds no error.

Another error asserted by Philpot is that the ALJ failed to consider her impairments in combination.  However, the ALJ included most of Dr. Acob's restrictions in the residual functional capacity assessment and the court has found that the ALJ had good reasons not to include all of the physician's restrictions.  Dr. Mukherjee did not even believe that her impairments were "severe."  The claimant has not identified any impairments which were not properly considered.  Under these circumstances, the court finds no error.

Philpot argues that her medical problems would prevent her from maintaining employment and, so, she could not meet the durational requirements for substantial gainful activity.  The plaintiff cites the Ninth Circuit Court of Appeals case of <u>Gatliff</u>

10

v. Commissioner of Social Security, 172 F.3d 690 (9th Cir. 1999).  However, in

Gatliff, the record contained considerable evidence that the claimant would not be

able to maintain employment more than a couple of months and the ALJ had even

acknowledged this fact.  Gatliff, 172 F.3d at 692.  In the present action, Philpot has

not identified similar evidence suggesting that she would not be able to maintain

employment.  Therefore, the court must reject the plaintiff's argument.

The undersigned concludes that the administrative denial decision should be

affirmed.  A separate judgment and order will be entered simultaneously consistent

with this opinion.

This the 6th day of October, 2010.


**Signed By:**

_**G. Wix Unthank**_

**United States Senior Judge**